### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ELIAS : <br> 3148 Pine Tree Road : <br> Spring Grove, PA 17632 : <br> : <br> Plaintiff, : <br> v. : <br> : <br> RURAL KING HOLDINGS, LLP : <br> d/b/a RURAL KING : <br> 4216 Dewitt Avenue : <br> Mattoon, IL 61938 : <br> : <br> and : <br> : <br> RK ADMINISTRATIVE SERVICES, LLC : <br> d/b/a RURAL KING : <br> 4216 Dewitt Avenue : <br> Mattoon, IL 61938 : <br> : <br> Defendants. : | CIVIL ACTION <br><br><br> No.: <br><br><br><br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Deborah Elias ("Plaintiff") against Defendant Rural King Holdings, LLP, d/b/a Rural King and Defendant RK Administrative Services, LLC (hereinafter collectively "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et. seq.); and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims set forth herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is a sixty-three (63) year old adult individual residing at an address as set forth in the caption.

7. Defendant Rural King Holdings, LLP is a foreign business corporation, duly registered under the laws of the State of Illinois with a principal place of business as set forth in the caption.

---

advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

8. Defendant RK Administrative Services, LLC is a wholly owned subsidiary of Defendant Rural King Holdings, LLP and is a foreign business corporation, duly registered under the laws of the State of Illinois with a principal place of business as set forth in the caption.

9. Defendants operate no less than ten (10) locations throughout the Commonwealth of Pennsylvania, including one located at 1115 Carlisle Street Hanover, PA 17331 at which Defendants employed Plaintiff.

10. Upon information and belief, Defendants comprise a single, integrated operation and overlap in management, operations, advertising and employees such that they are properly considered Plaintiff's joint, single and/or integrated employer.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a disabled female. She suffers significant health issues including autoimmune disorders, thyroid disorders and associated complications and symptoms including lung and heart issues.

14. As a result of her aforementioned serious medical conditions and disabilities, Plaintiff is, at times, substantially limit in her ability to perform daily life activities such as working, breathing, circulating blood, standing for long periods of time, and being able to physically exert herself.

15. Plaintiff's serious medical conditions required her to begin using ambulatory oxygen therapy (through an oxygen tank) while working approximately halfway through her employment with Defendants.

16. On or about November 8, 2022, Defendants hired Plaintiff as a Cashier and employed her in that capacity until her unlawful termination as discussed herein on or about October 24, 2023.

17. Prior to her termination, Plaintiff had openly discussed her aforementioned disabilities with her immediate supervisor Front-End Manager Kaylin Lippy ("Lippy") and need for reasonable medical accommodations.

18. Specifically, Plaintiff shared with Lippy (who in turn shared with Defendant's Store Manager Doug Gemza ("Gemza")), and Defendants' HR Manager Sarah Campbell ("Campbell") that she required a chair to sit at her assigned register (as a medical accommodation) and provided two doctor's notes to substantiate her request.

19. Lippy, Gemza, and Cambell ignored these requests and failed to provide Plaintiff with a chair or stool to sit at.

20. Throughout most of her employment, Plaintiff had been working 4-5 days per week and averaging 16-20 hours per week.

21. However, as Plaintiff's disabilities began to flare-up and was experiencing severe difficulty breathing and increased cardiovascular issues, Lippy began reducing Plaintiff's schedule in a blatant attempt to force Plaintiff to resign.

22. Plaintiff kept Lippy apprised of her medical conditions, even telling Lippy that she should call 911 if for any reason Plaintiff stopped breathing or became unconscious.

23. On or about October 24, 2023, Plaintiff discussed with Lippy her need to take a very brief two (2) – four (4) week medical leave immediately prior to Lippy terminating her employment.

24. However, instead of granting this very reasonable medical accommodation, Lippy stated to Plaintiff, "I know you have many health issues and planned to take a medical leave, but the company is terminating your employment."

25. Lippy then provided Plaintiff with the pretextual reasoning for her termination that Plaintiff had made an alleged error as a cashier despite her history of being meticulous and thorough.

26. This pretextual reasoning is completely false because: (1) Lippy terminated Plaintiff immediately after Plaintiff requested reasonable medical accommodations; (2) Lippy's proffered reason for termination was completely false; (3) Defendants offered shifting and inconsistent reasons for her termination, offering first via a backdated disciplinary action that it was because Plaintiff accepted counterfeit bills and later changing their narrative by stating Plaintiff "resigned;" (4) Defendants intentionally ignored progressive discipline steps and moved immediately to terminate Plaintiff; and (5) Lippy had absolutely no evidence or proof that Plaintiff had in fact accepted counterfeit bills.

27. Defendants have a pattern and practice of intentionally mislabeling employee terminations as "resignations" in order to avoid liability for terminating employees with disabilities.

## COUNT I
### Violations of the ADA
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff suffers from qualifying health conditions under the ADA which affects her ability (at times) to perform some daily life activities (set forth supra).

30. Despite Plaintiff's aforementioned health conditions and limitations, she is still able to perform the duties of her job well with Defendants, however, Plaintiff did require reasonable medical accommodations at times.

31. Plaintiff requested reasonable accommodations from Defendants, including but not limited to time off work to treat for and care for her disabilities.

32. Defendants failed to accommodate Plaintiff's aforesaid requests by refusing to allow Plaintiff to take time off to treat and care for her disabilities.

33. Plaintiff further believes and therefore avers that her disabilities were a motivating/determinative factor in the termination of her employment with Defendants.

34. Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity (requesting accommodations and objecting to discriminatory practices) under the ADA.

35. Defendants' actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.   Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B.   Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                    Respectfully submitted,

                    **KARPF, KARPF, & CERUTTI, P.C.**

By: _____
                    Ari R. Karpf, Esq.
                    3331 Street Road
                    Two Greenwood Square, Suite 128
                    Bensalem, PA 19020
                    (215) 639-0801

Date:  May 29, 2024